Filed 6/21/22 P. v. Thomas CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KESHAWN THOMAS,<br><br>    Defendant and Appellant. | F078649<br><br>(Super. Ct. No. F15907476)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. W. Kent Hamlin, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Clara M. Levers, Jeffrey A. White, and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Levy, Acting P. J., Peña, J. and Meehan, J.

Keshawn Thomas (defendant) is currently serving an indeterminate prison sentence for committing attempted murder and other related felonies. He appeals from an order denying a request for relief under Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620), which gave trial courts discretion to "strike or dismiss" firearm use enhancements in the interest of justice pursuant to Penal Code section 1385. (*Id.*, §§ 12022.5, subd. (c), 12022.53, subd. (h); all further statutory references are to the Penal Code.) Defendant's judgment includes an enhancement under section 12022.53, subdivision (d), which added a term of 25 years to life to a mitigated base term of five years for attempted murder.

The trial court is alleged to have been unaware of its authority to replace the charged and adjudicated enhancement with a lesser included, but uncharged, enhancement under section 12022.53, subdivision (b) or (c). The California Supreme Court's recent decision in *People v. Tirado* (2022) 12 Cal.5th 688 supports this claim. Accordingly, the cause will be remanded for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2016, a jury convicted defendant of attempted murder (§§ 187, 664; count 1), assault with a semiautomatic firearm (§ 245, subd. (b); count 2), and attempted robbery (§§ 211, 664; count 3). Firearm enhancement allegations under section 12022.53, subdivision (d) were found true in relation to counts 1 and 3. A firearm enhancement allegation under section 12022.5, subdivision (a) was found true in relation to count 2. No additional enhancements were alleged.[1]

In April 2016, defendant was sentenced to an aggregate prison term of 30 years to life based on the lower term of five years for count 1 plus the enhancement under section

___

[1]Defendant's unopposed request for judicial notice of the appellate record in case No. F073552, which contains the underlying criminal information, is granted. Initially, count 1 also alleged personal infliction of great bodily injury for purposes of section 12022.7, subdivision (a), but the allegation was dismissed before the case was submitted to the jury.

12022.53, subdivision (d). Punishment for count 2 was stayed (§ 654) and a concurrent prison term was imposed for count 3. The trial court emphasized it had no discretion regarding the imposition of a life term under California's "Use a gun and you're done" law, i.e., section 12022.53.

Defendant filed an appeal, which was pending when Senate Bill 620 took effect in January 2018. The legislation amended sections 12022.5 and 12022.53 to allow trial courts, "in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss [a firearm] enhancement otherwise required to be imposed …." (§§ 12022.5, subd. (c), 12022.53, subd. (h).) This court affirmed defendant's convictions but concluded Senate Bill 620 applied retroactively to his case. (*People v. Thomas* (Sept. 13, 2018, F073552) [nonpub. opn.] (*Thomas I*).) The matter was remanded to allow the trial court to consider exercising its expanded sentencing discretion under sections 12022.53, subdivision (h), and 1385.

On January 3, 2019, the trial court conducted further proceedings and declined to modify the sentence. Its reasoning is clearly stated in the record:

> "… If I had the discretion to sentence [defendant] to a 12022.53(c) enhancement on Count 1, I would consider granting the request … and sentence him to up to 29 years determinate. Neither the statute nor any reported case I have found, nor [the opinion in *Thomas I*] tells me that I have that discretion. And if I were limited in my available sentence by striking the 12022.53(d) enhancement to Count 1 to impose 19 years determinate as the maximum sentence, I would find that that is an inappropriate exercise of discretion.…

> "So for what it's worth, the Court declines to exercise its discretion under 1385 with the understanding that it cannot replace the enhancement with a lesser enhancement not found by the jury even though the facts found by the jury, per their verdict[,] support that lesser enhancement. And if the Court of Appeal[] feels that I can, in fact, impose that lesser enhancement, this case should be remanded to me to exercise that discretion, but I decline to exercise discretion under my understanding of this code section, and what little case law there is that interprets it to this point. The Court [of Appeal] says I could strike the enhancement and

3.

impose a different sentence. It says nothing about modifying the enhancement, imposing a lesser enhancement, and I decline to strike the enhancement if my only discretion is to drop to a sentence of 13, 16, or 19 years determinate."

Defendant timely appealed the judgment imposed on remand. In September 2019, this court issued an unpublished opinion (*People v. Thomas* (Sept. 25, 2019, F078649) (*Thomas II*)) affirming the judgment. The California Supreme Court later accepted the case for review on a grant-and-hold basis. In April 2022, the cause was transferred back to this court with directions to vacate the *Thomas II* decision and reconsider the appeal in light of *People v. Tirado*, *supra*, 12 Cal.5th 688. The parties have since filed supplemental briefs, and the matter has now been submitted.

## DISCUSSION

Section 12022.53 provides for sentencing enhancements based on a defendant's personal use of a firearm in the commission of specified felonies. There is a 10-year enhancement for the personal use of a firearm (*id*., subd. (b)); a 20-year enhancement for the personal and intentional discharge of a firearm (*id*., subd. (c)); and a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death (*id*., subd. (d)). Trial courts may, "in the interest of justice pursuant to Section 1385 …, strike or dismiss an enhancement otherwise required to be imposed by" section 12022.53. (*Id*., subd. (h).)

In *People v. Morrison* (2019) 34 Cal.App.5th 217, Division Five of the First Appellate District concluded trial courts have "discretion to impose an enhancement under section 12022.53, subdivision (b) or (c) as a middle ground to a lifetime enhancement under section 12022.53, subdivision (d), if such an outcome [is] found to be in the interests of justice under section 1385." (*Id*. at p. 223.) This district reached a different conclusion in *People v. Tirado* (2019) 38 Cal.App.5th 637, which was later reversed by *People v. Tirado*, *supra*, 12 Cal.5th 688. The high court's decision holds that "*Morrison* correctly described the scope of a trial court's sentencing discretion under

4.

section 12022.53." (*People v. Tirado*, *supra*, 12 Cal.5th at p. 697.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)."[2] (*Id*. at p. 700.)

The People concede defendant is entitled to resentencing. We accept the concession. "Relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026.) The appealed judgment was pronounced on January 3, 2019, which was 14 weeks prior to the publication of *People v. Morrison*, *supra*, 34 Cal.App.5th 217. The district disagreed with *Morrison* in a published opinion issued in August 2019, and the California Supreme Court did not resolve the split of authority until January of this year. Therefore, the trial court could not have known the scope of its discretion under section 12022.53 during the proceedings following *Thomas I*. Given the trial court's stated willingness to consider sentencing defendant to a determinate prison term of 29 years if it had discretion to do so, "the appropriate remedy is to remand for resentencing." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

---

[2]"Section 12022.53(j) is the subdivision that authorizes the imposition of enhancements under section 12022.53. It provides that for the penalties in section 12022.53 to apply, the existence of any fact required by section 12022.53(b), (c), or (d) must be alleged in the accusatory pleading and admitted or found true. Therefore, the question [considered by the California Supreme Court was] not whether section 12022.53(h) authorizes the court to change, modify, or substitute an enhancement. Rather, it [was] whether section 12022.53(j) authorizes the court to impose an enhancement under section 12022.53(b) or (c) after striking a section 12022.53(d) enhancement." (*People v. Tirado*, *supra*, 12 Cal.5th at p. 700.)

**DISPOSITION**

Defendant's sentence is ordered vacated and the cause is remanded for a new sentencing hearing. On remand, the trial court shall consider all options under section 12022.53 and all other sentencing guidelines under current law. The judgment is otherwise affirmed.